IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JEREMY BRAXTON                                                                                          PETITIONER

v.                                                    No. 3:24-cv-00241-DPM-JTK

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                                  RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following Recommended Disposition has been sent to United States District Judge D.P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.   INTRODUCTION

Jeremy Braxton seeks *habeas* relief from the state court judgment in 16JCR-23-279 entered by the Craighead County Circuit Court. (Doc. No. 5-3). He entered a negotiated plea of guilty to possession of a controlled substance—methamphetamine and was sentenced to five years' imprisonment with imposition of an additional five-year suspended sentence. (*Id.*) The circuit court denied as untimely Braxton's two *pro se* post-conviction petitions under Rule 37 of the Arkansas Rules of Criminal Procedure. (Doc. No. 5-6). Braxton has filed a timely *habeas* petition, (Doc. No. 1)*,* and Dexter Payne has responded. (Doc. No. 5)*.* The undersigned recommends that the petition be denied and dismissed with prejudice based on procedural default.

## II.     BACKGROUND

In exchange for Braxton's initial guilty plea to methamphetamine possession, the State reduced the methamphetamine possession charge to a Class B felony, *nolle prossed* a count of drug paraphernalia possession, and waived charging Braxton as a habitual offender. (Doc. No. 5-8 at 3). At the April 1, 2024, guilty plea hearing, Braxton stated on the record that he understood the charge filed against him, and he entered his guilty plea. (*Id.* at 5-6.)

Braxton's trial lawyer and the prosecution agreed to continue sentencing until April 26 to permit Braxton to complete an online college course. (*Id*. at 10-11.) The trial court emphasized to Braxton that, if he did not appear for the sentencing hearing, the three-year sentence recommended by the prosecution would no longer be available and that there would be additional consequences. (*Id.* at 11-12.) In response to the trial court's questioning, Braxton stated that he understood that, if he did not appear at the sentencing hearing, he would "get double" and "probably get the habitual." (*Id.*) He said that he understood the recommended three-year sentence would be "turned to, like, 36 years." (*Id.*)

Braxton did not appear for sentencing and was surrendered to the jail by the bondsman. The prosecution withdrew the original plea agreement, and Braxton accepted a new plea offer, again agreeing to plead guilty to methamphetamine possession. (Doc. No. 5-4). In exchange for additional prison time (five years' imprisonment, with imposition of an additional five-year suspended sentence), the prosecution agreed not to file and proceed with a failure-to-appear charge. (Doc. No. 5-9 at 8). As with the original plea agreement, the prosecution *nolle prossed* a count of drug paraphernalia possession and waived charging Braxton as a habitual offender. (*Id.* at 11.)

At the May 13, 2024, sentencing hearing, Braxton stated that he understood the charge filed against him, that he had the right to plead not guilty and have a trial, and that, by entering a guilty plea, he was giving up his right to a jury trial. (Doc. No. 5-9 at 11-14). He acknowledged his signature on the guilty plea statement and the plea and sentence recommendation; he said that both documents had been explained to him and that he did not have any questions. (*Id.*) Braxton entered his unconditional guilty plea on the record and admitted that he was in fact guilty of committing the charged crime. (*Id.* at 15-16.) He agreed to the facts of the crime recited by the prosecution. (*Id.*) Braxton stated that he had time to discuss the charge with his trial lawyer, that he was satisfied with his lawyer's advice, and that he did not have any complaints about his lawyer. (*Id.* at 16-17.) The trial court then accepted Braxton's guilty plea and sentenced him based on the prosecution's recommendation. (Doc. No. 5-9).

On October 28, Braxton filed a paper construed as a Rule 37 petition, stating that, when he appeared at the May 13 sentencing hearing, he was "unprepared and told not [to] speak[,] disabling me the mention of my medical excuse." (Doc. No. 5-5 at 6). He stated that he "felt force[d] to sign the new order." (*Id.*) The trial court denied post-conviction relief, finding Braxton's motion was untimely under Rule 37.2(c)(i). (Doc. No. 5-6 at 1). Braxton continued filing papers seeking Rule 37 relief. (*Id.*) On December 30, 2024, the trial court construed his paper filed December 11 as a second petition for Rule 37 relief and denied the petition as untimely. (*Id.* at 2.)

III.   **DISCUSSION**

Braxton raises violations of due process and the right to counsel. (Doc. No. 1). He says that he was inadequately informed of the appellate process, misguided through his case, and silenced by his trial lawyer and not allowed to defend himself. (*Id.*) He also says that he did not receive a response to his inquiries about appellate and Rule 37 processes; that his sentence was

3

incorrectly ordered and processed by the trial court resulting in an excessive sentence; and that his court dates were moved without his knowledge. (*Id.*)

Braxton, a state prisoner, may seek a writ of *habeas corpus* in federal court, if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before seeking *habeas* review, Braxton must have exhausted available state remedies by fairly presenting each of his claims in state court. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by involving one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845.

A claim is procedurally defaulted when the state court declined to review it because the petitioner failed to comply with a state procedural rule. *Coleman,* 501 U.S. at 729–32. Procedural default also occurs when a petitioner did not present a claim in state court and a remedy there is no longer available. *O'Sullivan*, 526 U.S. at 848. If a claim is procedurally defaulted, this Court can consider it only if Braxton establishes either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

To the extent Braxton raises his due process and ineffectiveness claims for the first time on *habeas* review, the undersigned concludes the claims are procedurally defaulted because no non-futile remedy remains available in state court. *O'Sullivan*, 526 U.S. at 848. To the extent Braxton raised the claims in the Rule 37 petitions, the undersigned concludes the claims were procedurally defaulted when the trial court denied the petitions as untimely. *Coleman,* 501 U.S. at 731. A Rule 37 petition must be filed within ninety days of the date of the entry of judgment. Ark. R. Crim. P. 37.2(c)(i). Judgment was entered on May 13, 2024; Braxton filed his first Rule 37 petition over five months later on October 28, 2024.

4

Braxton says cause exists to excuse procedural default because he has not "received any results or response to my applications, petitions, or motions . . .." (Doc. No. 1 at 5-6). He also states that he was inadequately informed of the appellate process. (*Id.*) Braxton, however, gives no reason for his untimely filing of the Rule 37 petition. (*Id.*) The record, moreover, indicates that Braxton was aware that the trial court denied his Rule 37 petition. (Doc. No. 5-5 at 19). In Braxton's papers filed November 15, 2024, he refers to the denial of the petition. (*Id.*) The undersigned therefore concludes that Braxton has not demonstrated any excuse for procedural default.

Though the undersigned recommends dismissal of the claims based on procedural default, Braxton's claims also fail on the merits. He has not shown that he was denied due process or effective assistance of counsel.

Braxton argues his sentencing is a violation of due process. "To be valid, a guilty plea must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant, and the defendant must possess an understanding of the law in relation to the facts." *Wilkins v. Bowersox,* 145 F.3d 1006, 1015 (8th Cir. 1998). The record reflects that Braxton was aware of his sentencing hearing date, and that he understood the charge against him and the consequences of pleading guilty.

Braxton also says that he was not informed of post-conviction and appellate processes. To the extent Braxton is arguing that he was not informed of the appeal process related to his conviction, there is no appeal from an unconditional guilty plea under state criminal procedural rules. Ark. R. App. P.–Crim. 1(a). To the extent Braxon's argument is that he was not instructed on the appellate procedure for his *pro se* Rule 37 petitions denied by the trial court, the undersigned concludes that such instruction is not required by due process. *Pro se* petitioners are not excused

5

from compliance with substantive and procedural law. *Brown v. Frey,* 806 F.2d 801, 804 (8th Cir. 1986). The Arkansas Supreme Court has long held that a *pro se* petitioner is responsible for understanding the complex rules for lodging an appeal. *See Young v. Hobbs,* No. 5:10-cv-102-JMM-JTR, 2011 WL 7164448-JMM (E.D. Ark. Dec. 13, 2011) (collection of cases), report and recommendation adopted by 2012 WL 394324 (Feb. 7, 2012). The undersigned therefore recommends a finding that the due process claim is denied under alternative merits analysis.

The undersigned also concludes that Braxton fails to develop any argument that his trial lawyer's work was constitutionally deficient under the familiar *Strickland v. Washington* standard. 466 U.S. 668 (1984). He has not shown that his lawyer "misguided" or "confused" him. Braxton also says that he was "silenced" by his trial lawyer. But the trial court's instruction to Braxton that he allow his trial lawyer to explain his reasons for not appearing for sentencing does not give rise to constitutional ineffectiveness. (Doc. No. 5-9 at 4). To the extent Braxton argues his trial lawyer failed to inform him of his right to appeal his conviction or was unresponsive to his questions, the undersigned concludes the argument fails for the same reason that the related due process argument is meritless.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT Braxton's Petition for Writ of Habeas Corpus be **DENIED**, and **DISMISSED** with prejudice, and (2) that no certificate of appealability shall issue.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

<u>September 30, 2025</u>
DATE